THE STATE OF OHIO, APPELLANT, *v.* REEDER, APPELLEE.

[Cite as State *v.* Reeder (1985), 18 Ohio St. 3d 25.]

(No. 84-1025—Decided June 19, 1985.)

*Richard E. Siferd,* director of law, for appellant.
*William F. Kluge,* for appellee.

CELEBREZZE, C.J. The portion of Ohio's disorderly conduct statute, R.C. 2917.11, at issue herein provides:

"(A)  No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"(1)  Engaging in fighting, in threatening harm to persons or property, or in violent or *turbulent behavior."* (Emphasis added.)[1]

In reversing the conviction, the court of appeals stated that it had previously held that " '* * * the term "turbulent behavior" is not sufficiently definite to inform those of common intelligence of the point at which their conduct becomes impermissible and a violation of the ordinance and is therefore unconstitutionally vague.' " *Findlay* v. *Zink* (Aug. 5, 1980), Hancock App. No. 5-79-35, unreported, at 5.

We first note that this case does not concern the prohibited speech-and-expression portion of the statute contained in subdivision (A)(2) which was considered by this court in *State* v. *Hoffman* (1979), 57 Ohio St. 2d 129 [11 O.O.3d 298]. Rather, the portion challenged today prohibits certain behavior, the definition of which the appellate court found to be unconstitutionally vague.

Under the vagueness doctrine, statutes which do not fairly inform a person of what is prohibited will be found unconstitutional as violative of due process. *Connally* v. *General Constr. Co.* (1926), 269 U.S. 385; *Columbus* v. *Thompson* (1971), 25 Ohio St. 2d 26 [54 O.O.2d 162]. However, "* * * [i]mpossible standards of specificity are not required. * * * The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Jordan* v. *De George* (1951), 341 U.S. 223, 231-232.

Both parties support their contentions concerning the meaning of "turbulent" by drawing our attention to various dictionary definitions of the word. However, we are completely satisfied that a person of ordinary intelligence and understanding has no difficulty in ascertaining that the legislature did not seek to prohibit stormy seas, turbulent weather or the restless character of mankind. An etymologist or literary scholar would no doubt find a wealth of enjoyment and challenge locked away in the history and derivation of the work "turbulent." The courts however will assume the legislature is using a word in its ordinary meaning and our task is to accord "* * * its common, ordinary and usually accepted meaning in the connection in which it is used * * *." *Mutual Bldg. & Invest. Co.* v. *Efros* (1949), 152 Ohio St. 369 [40 O.O. 389], paragraph one of the syllabus. See,

---

[1] We note that the portion of Ohio's disorderly conduct statute at issue herein is very similar to Section 250.2(1)(a) of the Model Penal Code (1974) 584, which uses the synonymous term "tumultuous."

also, *Youngstown Club* v. *Porterfield* (1970), 21 Ohio St. 2d 83, 86 [50 O.O.2d 198].

We further note that the General Assembly did not use the word "turbulent" in a vacuum. The legislature included other explicit words in defining what conduct the statute prohibits (*i.e.,* "fighting," "threatening harm," "violent * * * behavior"). In determining whether a statute fairly informs a reasonable person of what is prohibited, courts should consider the challenged phrase in the context it is used in the law, and not as it stands alone.

In short, a person does not have to engage in guesswork to determine what conduct the General Assembly seeks to prohibit here. The word "turbulent," in the context of Ohio's disorderly conduct statute, refers to tumultuous behavior or unruly conduct characterized by violent disturbance or commotion.

The United States Supreme Court rejected a vagueness challenge to Kentucky's disorderly conduct statute which is similar to Ohio's in *Colten* v. *Kentucky* (1972), 407 U.S. 104. The court at 110 noted, *inter alia,* that "* * * [t]he root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited. * * *"

So construed, we find the use of the term "turbulent," in Ohio's disorderly conduct statute, R.C. 2917.11(A)(1), does not render the statute unconstitutionally vague because the enactment fairly informs a person of ordinary intelligence and understanding what conduct is prohibited by law.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.