The STATE of Ohio, Appellee,

v.

WALTON, Appellant.

[Cite as *State v. Walton* (1993), 89 Ohio App.3d 799.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1454.

Decided Sept. 9, 1993.

*Ronald J. O'Brien,* City Attorney, *David M. Buchman,* City Prosecutor, and *Brenda J. Keltner,* Assistant City Prosecutor, for appellee.

*Tyack & Blackmore Co., L.P.A.,* and *Thomas M. Tyack,* for appellant.

REILLY, Judge.

A Franklin County Municipal Court judge found defendant-appellant, Mark Walton, guilty of the minor misdemeanor of disorderly conduct, R.C. 2917.11. The court sentenced appellant to a fine of $50 plus costs, and then suspended the sentence.

Appellant appeals the decision and asserts the following assignment of error:

"The finding of the trial court is not supported by that evidence required by law and is contrary to law."

Appellant's disorderly conduct charge stems from his attempt to serve papers on Melinda Crist. Melinda Crist and Daryl Reynolds are battling for custody of their son, Jonathan. Reynolds' attorney asked appellant, a police officer with the city of Lancaster, to serve process on Crist.

On May 11, 1992, appellant accompanied Daryl Reynolds to the elementary school which Jonathan attended. Reynolds knew that Crist picked Jonathan up from school every day at 11:00 a.m. Pursuant to their plan, Reynolds entered the school and went to Jonathan's classroom when school was letting out. Reynolds visited with his son and the teacher. Meanwhile, Crist had driven up as usual to pick up her son. After waiting several minutes for Jonathan to exit the building, Crist got out of her car and went to his classroom which was next to the entrance. Crist was wearing a t-shirt and cut off sweatpants; she was not carrying a purse. Crist was not pleased when she found Reynolds in the classroom with their son. The three of them left the building together. Before Crist reached her car, appellant approached her and attempted to serve the papers by placing them in her shirt. Photographs taken shortly after the incident reveal that Crist had scratch marks on her left shoulder.

The parties disagree about the specifics of the encounter. Crist testified that appellant "literally flew" at her from out of nowhere, pulled her t-shirt down, and stuffed papers down her shirt. Crist said that appellant was talking to her, but that she did not pay much attention to what he was saying, because her attention was focused on preventing her shirt from being ripped off her chest. Crist stated that she had no idea what was happening and that the encounter was very upsetting. During the scuffle, a necklace that Crist was wearing was broken. After stuffing the papers down her shirt, appellant left quickly. Crist was very angry; she yelled at appellant as he departed and pulled the papers out of her shirt and threw them to the ground. Crist went back into the school to call the police and report the incident. The incident took place in a matter of seconds.

Appellant acknowledged that he placed the papers in Crist's t-shirt collar "right above her shoulder" but denied that there was any "touch" contact.

Appellant testified that Crist was backing up while he was trying to serve the papers, which caused her t-shirt to get pulled. Appellant testified that he identified himself and his purpose for being there before sticking the papers in Crist's shirt and that she put her arms back and started backing away and that this is when he put the papers in her shirt. Appellant denied any possible responsibility for the broken necklace or the scratch marks.

The complaint filed against appellant averred that he violated R.C. 2917.11 when he recklessly caused "inconvenience, annoyance, or alarm" to Crist "by engaging in violent or turbulent behavior, to wit: by grabbing at victim's shirt, breaking a necklace, and trying to stuff papers down her shirt." Pertinent language of R.C. 2917.11 provides:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"(1) Engaging in * * * violent or turbulent behavior[.]"

At the end of the argument of counsel, the trial court found that appellant had behaved turbulently when he pulled Crist's shirt back and stuffed papers down it. The court also pointed to Crist's resultant injuries which, despite the fact that Crist may have been partly responsible, occurred because of appellant's behavior. The court found that appellant had engaged in turbulent conduct and that his conduct violated the disorderly conduct statute.

In support of his assignment of error, appellant notes that the trial court made no finding that he acted recklessly. R.C. 2901.22(C) provides that:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. * * *"

The trial court identified the culpable mental element to be recklessness and defined it. The trial court did not make an express finding that appellant behaved recklessly, although the trial court found appellant guilty of disorderly conduct after having identified reckless as the necessary mental state. We may thus infer that the trial court found that appellant acted recklessly. The question then becomes whether there is sufficient credible evidence to support this finding.

■ When faced with a sufficiency-of-the-evidence argument, the relevant inquiry on appeal is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

■ Crist's testimony of the incident supplies sufficient evidence to find that appellant behaved recklessly. Crist testified that appellant rushed at her from

out of nowhere and before she knew what was happening he was pulling at her t-shirt and stuffing papers down it. Her testimony reflects that the incident was very upsetting to her.

We do not conclude that the trial court abused its discretion when it found that Crist's reaction to appellant's behavior was a known risk and likely to occur and that appellant's behavior indicated his heedless indifference to the likelihood of such a reaction. Appellant has not shown that reasonable minds could only conclude that appellant did not act recklessly.

Appellant also disputes the trial court's finding that his behavior was turbulent. Appellant asserts that the evidence does not support the trial court's finding that he behaved turbulently. The Ohio Supreme Court has held that "turbulent" as used in the disorderly conduct statute "refers to tumultuous behavior or unruly conduct characterized by violent disturbance or commotion." *State v. Reeder* (1985), 18 Ohio St.3d 25, 27, 18 OBR 21, 22, 479 N.E.2d 280, 282.

Sufficient evidence supports the trial court's finding of tumultuous behavior. Appellant approached Crist from out of nowhere, quickly, and unexpectedly. Appellant behaved intrusively by grabbing Crist's shirt and inserting papers in it. Appellant's actions surprised Crist and caused her to react as she did. Aftermaths of the encounter included Crist's scratch marks and her broken necklace.

Because we find that sufficient evidence supports the trial court's finding, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.