DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence entered by the Bellevue Municipal Court after the court found defendant-appellant, Marlene Meggitt, guilty of one count of disorderly conduct in violation of section 509.03(a)(1) of the Bellevue Municipal Code. From that judgment, appellant raises the following assignment of error:
 "The Trial Court erred in finding the Appellant guilty of disorderly conduct where there was insufficient evidence to establish Appellant's guilt beyond a reasonable doubt."
Appellant was convicted after a trial to the bench at which the following evidence was presented. Robert Zimmerman testified that on September 3, 1999, he was employed by MilePost Industries as a driver. In that capacity, he would transport railroad employees to their jobs along the railroad and report back to appellant, Marlene Meggitt, at her home at 224 Louise Avenue in Bellevue, Ohio. On September 3, 1999, Zimmerman did not report back to Meggitt until approximately 8:30 p.m. . When he arrived, Meggitt was there with her husband, James Meggitt, and two employees, Barbara Smith and Helen Dendinger. Zimmerman testified that when he arrived he had not yet completed his paperwork documenting his routes and appellant was angry. Appellant then completed Zimmerman's paperwork and promptly fired him. Zimmerman testified that he responded to appellant that he was going to quit anyway and began to walk away. As he walked away, however, appellant told him to hurry up and get off her property and then she pushed him. Zimmerman further testified that when he asked appellant not to push him she pushed him again. James Meggitt then told Zimmerman not to forget his briefcase. Zimmerman stated that after he retrieved his briefcase, appellant pushed him a couple more times before her husband told her to stop. Zimmerman then got in his car and left. Several weeks later, Zimmerman decided to file a complaint against appellant. Upon questioning by the prosecutor, Zimmerman testified that appellant's pushing of him offended him.
In her defense, appellant called Barbara Smith, Helen Dendinger and James Meggitt to testify. They all witnessed the exchange between appellant and Zimmerman and all testified that while appellant lightly touched Zimmerman on his back with her hands or finger tips, she did not push or shove him.
Finally, appellant testified on her own behalf. Appellant is the lead location manager for MilePost and as such is in charge of the runs made by the drivers. Appellant testified that on September 3, 1999, Zimmerman returned from his run and, as usual, had not completed his paperwork. After helping Zimmerman to complete his paperwork, appellant told him he was fired. Appellant testified that Zimmerman then became angry. Appellant stated that she asked Zimmerman to leave her property but he would not leave so appellant touched his back lightly with her fingertips to show him that she "meant business" and to encourage him to go. She stated that this was the only time she touched Zimmerman and that she never pushed or shoved him in any way.
At the conclusion of the trial, the court found appellant guilty of disorderly conduct and ordered her to pay court costs of $40. It is from that judgment that appellant now appeals.
In her sole assignment of error, appellant asserts that there was insufficient evidence to support the judgment finding her guilty of disorderly conduct. "Sufficiency" raises a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of a crime. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Appellant was convicted of disorderly conduct in violation of Section509.03(A)(1) of the Bellevue Municipal Code. That section is identical in relevant part to R.C. 2917.11(A) and reads:
 "(a) No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following:
 "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]"
Early on in the trial below, the state established that it would try to prove that appellant had engaged in turbulent behavior. In State v.Reeder (1985), 18 Ohio St.3d 25, 27, the Supreme Court of Ohio determined that "[t]he word `turbulent,' in the context of Ohio's disorderly conduct statute, refers to tumultuous behavior or unruly conduct characterized by violent disturbance or commotion." Zimmerman testified that appellant was angry, pushed him approximately four times and that her pushing offended him. In Reeder, the defendant and victim were involved in an argument, the defendant jabbed and pushed the victim, used abusive language and threatened to send the victim to jail. The Supreme Court of Ohio determined that this conduct did constitute turbulent behavior. In the present case, the trial court heard the testimony of the victim, appellant and other witnesses, viewed their demeanor, and determined that Zimmerman's version of the events was sufficient to find appellant guilty of disorderly conduct. It is well within the trial court's discretion to find Zimmerman's testimony more credible than that of the other witnesses.
Accordingly, we cannot say that there was insufficient evidence to support the finding that appellant was guilty of disorderly conduct and the sole assignment of error is not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Bellevue Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
 ____________________ PIETRYKOWSKI, J.
 Melvin L. Resnick, J.
 Richard W. Knepper, P.J.