OPINION
{¶ 1} Defendant-appellant, Rodney Fort, appeals from a judgment of the Youngtown Municipal Court convicting him of disorderly conduct, obstructing official business, and resisting arrest following a jury trial.
 {¶ 2} On March 22, 1999, appellant was driving down LaClede Avenue in Youngstown, Ohio when he noticed police officers at a friend's house. He stopped his car in the middle of the street and yelled to the officers asking what was going on. Officer Tony Tulipano told appellant it was none of his business and instructed him to move along. Officer Tulipano and his partner, Officer Douglas Pesa, had made a traffic stop of a vehicle and were investigating the occupants of the vehicle while the car was stopped in appellant's friend's driveway. Appellant continued to inquire until Officer Tulipano approached appellant's vehicle and again asked him to move along. Again, appellant refused. Officer Tulipano informed appellant he was citing him with impeding traffic and asked to see his license and registration. Appellant refused to provide either. After further requests by Officer Tulipano and further denials by appellant, Officer Tulipano ordered appellant out of his vehicle. Appellant refused. Officer Tulipano made several requests for appellant to exit. Appellant repeatedly refused to comply. Officer Tulipano then tried to grab a hold of appellant through the open window. Noticing the commotion, Officer Pesa left his investigation of the traffic stop and came over to appellant's vehicle. The two officers managed to open appellant's door and pull him from the vehicle, while appellant struggled with them. They subsequently charged him with disorderly conduct, resisting arrest, and obstructing official business. They also cited him for impeding the flow of traffic.
 {¶ 3} Appellant pled not guilty to the charges and proceeded to a jury trial. The jury returned guilty verdicts on all charges. On July 23, 1999, the trial court sentenced appellant to 30 days, suspended, a $100 fine, and two years probation for the disorderly conduct conviction; 90 days incarceration and a $100 fine for the resisting arrest conviction; and 90 days, suspended, a $100 fine, and two years probation for the obstructing official business conviction. Upon appellant's motion, the trial court stayed his sentence pending appeal. Appellant filed his timely notice of appeal on August 2, 1999. However, due to several delays caused by changing counsel, becoming indigent, and confusion surrounding the preparation of the transcript, appellant did not file his brief in this matter until June 10, 2002.
 {¶ 4} At the outset, it should be noted that plaintiff-appellee, the State of Ohio, has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 5} Appellant raises a single assignment of error, which states:
 {¶ 6} "The sufficiency of the evidence is such that no rational trier of fact could have found the essential elements of the crimes alleged proven beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution."
 {¶ 7} Appellant argues that appellee did not produce sufficient evidence to support his convictions. As to the resisting arrest conviction, appellant claims appellee failed to present evidence that there was any traffic on LaClede Avenue at the time of the incident with appellant. He contends that since the officers alleged he was impeding the flow of traffic when they arrested him, it was an essential element of resisting arrest to present evidence that there was traffic on LaClede at the time of his arrest. Next, appellant contends that as to his disorderly conduct conviction, appellee failed to present evidence that he fought, threatened harm, or engaged in violent behavior. Finally, as to his obstructing official business conviction, appellant alleges appellee failed to present evidence that he did any act to impede the officers' business. He claims that he only asked the officers a question and asking a question does not constitute an "act."
 {¶ 8} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. Statev. Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith,80 Ohio St.3d at 113.
 {¶ 9} Appellant challenges the sufficiency of the evidence on all of his convictions. We will address each conviction separately.
 {¶ 10} Appellant was convicted of disorderly conduct in violation of R.C. 2917.11(A)(1). R.C. 2917.11(A)(1) provides:
 {¶ 11} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 {¶ 12} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."
 {¶ 13} Anyone who engages in the above behavior is guilty of disorderly conduct. R.C. 2917.11(E)(1). Thus, appellee was required to present evidence that appellant: (1) recklessly; (2) caused inconvenience, annoyance, or alarm; (3) to another person; (4) by engaging in fighting, threatening harm, or acting violently or turbulently. To demonstrate that appellant acted recklessly, appellee needed to show appellant acted with heedless indifference to the consequences and that he perversely disregarded a known risk that his conduct was likely to cause a certain result or was likely to be of a certain nature. R.C. 2901.22(C).
 {¶ 14} Appellee failed to present evidence of each of these elements. Counsel questioned Officer Pesa regarding when appellant committed disorderly conduct. The following colloquy is relevant:
 {¶ 15} "Q When did the disorderly conduct occur?
 {¶ 16} "A Disorderly conduct, during the whole time. The incident alerted neighbors. There was people, passersby, neighbors and everybody stopped. Disorderly conduct is when he was arguing and fighting with officers and engaging with officers that he refused to cooperate.
 {¶ 17} "Q So his refusal to cooperate with the officers was disorderly conduct?
 {¶ 18} "A Disorderly conduct was his nature, alerting, causing an inconvenience to other people there.
 {¶ 19} "* * *
 {¶ 20} "Q At what point did you determine disorderly conduct had occurred?
 {¶ 21} "* * *
 {¶ 22} "A The official charge, when the whole altercation was over, the disorderly conduct, he was arrested for disorderly conduct due to the fact that the annoyance that he caused neighbors, annoyance that he caused passersby, several people had to come out of their homes, watching as the subject was reciting and hollering the whole time this whole altercation was going on." (Tr. 277-78).
 {¶ 23} Evidence exists on the record that appellant engaged in turbulent behavior. "[T]urbulent behavior refers to tumultuous behavior or unruly conduct characterized by violent disturbance or commotion."Steubenville v. Johnson (Aug. 7, 1997), 7th Dist. No. 96-JE-17, citingState v. Reeder (1985), 18 Ohio St.3d 25. However, no evidence exists of inconvenience, annoyance, or alarm to another person. Although Officer Pesa testified that appellant caused an annoyance to neighbors and passersby, no neighbor or other person testified they were annoyed, inconvenienced, or alarmed by appellant's behavior. Thus, sufficient evidence does not exist on the record to support appellant's disorderly conduct conviction.
 {¶ 24} Next, we will address appellant's obstructing official business conviction in violation of R.C. 2921.31(A). R.C. 2921.31(A) provides:
 {¶ 25} "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 26} Whoever violates R.C. 2921.31(A) is guilty of obstructing official business. R.C. 2921.31(B). Thus, appellee was required to provide evidence that appellant: (1) acted purposely in preventing, obstructing, or delaying; (2) the performance by Officers Tulipano and Pesa; (3) without privilege to do so; and (4) hampered or impeded the officers' duties. In order to demonstrate that appellant acted purposely, appellee had to show that it was appellant's "specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intend[ed] to accomplish thereby, it [was] his specific intention to engage in conduct of that nature." R.C. 2901.22(A).
 {¶ 27} Sufficient evidence exists on the record to support appellant's conviction for obstructing official business. Appellant alleges that his questioning of the officers does not constitute an "act" within the meaning of the statute. Black's Law Dictionary (7 Ed. 1999) 24, defines an "act" as, "[s]omething done or performed, esp. voluntarily; a deed" and as, "[t]he process of doing or performing; an occurrence that results from a person's will being exerted on the external world." Not only does appellant's questioning of the officers meet this definition, so does his conduct following his questions, including his struggle with the officers.
 {¶ 28} Officer Tulipano testified that appellant asked him what was going on at least three times. (Tr. 154-56). Each time, Officer Tulipano told appellant to continue on his way and that the police investigation did not concern him. (Tr. 154-56). Appellant persisted. Since appellant would not leave and kept questioning the officers, Officer Tulipano walked down to the street to appellant's vehicle. (Tr. 155). Again, Officer Tulipano asked appellant to leave and again appellant refused. (Tr. 155). At this point, Officer Tulipano told appellant that he was interfering with the investigation and impeding traffic and asked appellant to produce his driver's license and registration. (Tr. 155-56). Officer Tulipano explained that appellant was pulling him away from the three subjects he was investigating for the initial traffic stop. (Tr. 156). He stated that since he was forced to walk away from the traffic stop to deal with appellant, Officer Pesa was left alone with three subjects. (Tr. 156). Officer Tulipano also testified that when he instructed appellant to get out of his vehicle he refused numerous times. (Tr. 159). Since appellant refused to exit his vehicle, Officer Tulipano attempted to grab appellant to pull him out of the car. (Tr. 159). Once Officer Pesa saw what was going on between Officer Tulipano and appellant, he left the three subjects alone in order to assist Officer Tulipano. (Tr. 160). Officer Pesa testified that appellant's arrival on the scene of the traffic stop delayed the investigation 30 to 45 minutes. (Tr. 248). Officer Pesa further testified that due to appellant's refusal to cooperate, he was forced to call for backup since he and Officer Tulipano could not handle appellant's disturbance and monitor the traffic stop suspects at the same time. (Tr. 248-50).
 {¶ 29} Based on the above evidence, reasonable jurors could have found all of the elements of obstructing official business beyond a reasonable doubt.
 {¶ 30} Finally, we will examine appellant's conviction for resisting arrest in violation of R.C. 2921.33. R.C. 2921.33(A) provides:
 {¶ 31} "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
 {¶ 32} Whoever engages in such conduct is guilty of resisting arrest. R.C. 2921.33(D). Hence, appellee was required to present evidence that appellant: (1) acted recklessly or with force; (2) in resisting or interfering with his lawful arrest.
 {¶ 33} The following evidence demonstrates the elements of resisting arrest. Officer Tulipano testified that appellant stopped his vehicle in the middle of the street. (Tr. 154). He stated that oncoming traffic would have to either go around appellant's vehicle or up onto the grass to get around him. (Tr. 158). Officer Tulipano stated that he informed appellant that he was impeding the flow of traffic and therefore, he would have to produce his license, registration, and proof of insurance. (Tr. 157). Based on this testimony, it is clear appellee produced evidence that appellant was impeding the flow of traffic. This is important because the first ground for appellant's arrest was that appellant refused to give Officer Tulipano his license, registration, and proof of insurance when Officer Tulipano informed appellant he was being charged with impeding the flow of traffic. (Tr. 159, 194, 232-33). Such is a valid reason for an arrest. (Tr. 233). The other basis for appellant's arrest was that he was obstructing official business. (Tr. 276). Officer Pesa testified that appellant refused to obey Officer Tulipano even when Officer Tulipano instructed him that he was under arrest. (Tr. 240). He also testified that appellant struggled with Officer Tulipano. (Tr. 240). Officer Tulipano testified that appellant refused to exit his vehicle, so he attempted to pull appellant out of the vehicle. (Tr. 159). He also stated that appellant struggled with him and Officer Pesa and they had to use force to get appellant out of his vehicle to arrest him. (Tr. 162). Accordingly, appellee produced sufficient evidence from which reasonable jurors could conclude that appellant resisted arrest.
 {¶ 34} After reviewing the evidence in the light most favorable to the prosecution, appellee presented adequate evidence on the essential elements of obstructing official business and resisting arrest. However, appellee failed to produce sufficient evidence on which reasonable minds could find the essential elements of disorderly conduct. Accordingly, appellant's assignment of error has merit regarding his disorderly conduct conviction.
 {¶ 35} For the reasons stated above, the decision of the trial court is hereby reversed as to appellant's disorderly conduct conviction and that conviction is hereby set aside. The decision of the trial court is hereby affirmed as to the obstructing official business and resisting arrest convictions.
Vukovich and DeGenaro, JJ., concur.