OPINION
{¶ 1} Defendant-appellant, Chris John Rajeski, was found guilty of persistent disorderly conduct, a fourth-degree misdemeanor, in violation of R.C. 2917.11(A)(1) following a bench trial in the Franklin Municipal Court. For the reasons that follow, we affirm appellant's conviction and sentence.
 {¶ 2} On June 26, 2002, Warren County Deputy Sheriff Brian Dulle went to appellant's apartment complex in Franklin Township to investigate the recent theft of some fishing gear. Appellant's juvenile son was in possession of a tackle box suspected of having been stolen during the earlier theft. Dulle spoke with the son and advised the youth that he wanted to speak with appellant. The juvenile went and informed his father, and appellant came storming out of the apartment complex towards Dulle in an aggressive manner, accusing the deputy in vulgar and obscene language of making false accusations.
 {¶ 3} Dulle twice told appellant to calm down or face arrest for his conduct. Dulle then left appellant and went across the street to verify some information regarding the tackle box in question. While Dulle was across the street, Deputy Chris Cresap and Officer Nathan Raspar arrived at the scene. According to their testimony, they were immediately subjected to an aggressive and vulgar verbal onslaught from appellant. Despite several requests from Cresap to calm down, appellant persisted and was eventually placed under arrest for disorderly conduct.
 {¶ 4} Appellant and his minor son both testified and denied the version of events described by the officers. Appellant claimed he was simply reacting to what he perceived to be the latest in a long line of harassing incidents perpetrated by the police against his family. The trial court found appellant guilty and fined him $100 plus court costs.
 {¶ 5} As his sole assignment of error, appellant claims the court erred as a matter of law in convicting him of disorderly conduct.
 {¶ 6} Appellant was convicted of violating R.C. 2917.11(A)(1), which prohibits an individual from recklessly causing inconvenience, annoyance, or alarm to another by engaging in fighting, in threatening harm to persons and property, or engaging in violent or turbulent behavior. Since appellant neither engaged in fighting nor threatened harm to persons or property, the issue is whether appellant's conduct constituted violent or turbulent behavior in violation of the statute.
 {¶ 7} Appellant cites numerous cases for the proposition that spoken words — no matter how vulgar or obscene — may not give rise to a conviction for disorderly conduct unless those words inflict injury or are likely to provoke the average person to a breach of the peace. However, the "turbulent behavior" provision of the disorderly conduct statute does not evoke concerns of free speech or freedom of expression. See State v. Reeder (1985), 18 Ohio St.3d 25, at 26. One may be found to have engaged in turbulent behavior under R.C. 2917.11(A)(1) based upon the volume or aggressive nature of the speech rather than its content. See State v. Jackson (Nov. 20, 1998), Montgomery App. No. 17128.
 {¶ 8} In the case at bar, appellant's profane language was specifically and intentionally directed at the police officers. This language, coupled with appellant's conduct of advancing towards the officers after repeatedly being told to stop and desist, was sufficient to establish the elements of persistent disorderly conduct. Hamilton v.Johnson (Dec. 3, 1999), Butler App. No. CA99-02-025. We find that appellant's invocation of his right to free speech does not excuse or justify his boorish behavior, and that the evidence, if believed by the trier of fact, was sufficient to convince the average mind of appellant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 9} Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
WALSH and POWELL, JJ., concur.