DECISION.
{¶ 1} Defendant-appellant, Fran Johnson, appeals the judgment of the Hamilton County Municipal Court convicting her of disorderly conduct under R.C. 2917.11(A)(1), a misdemeanor of the fourth degree as charged.
 {¶ 2} One afternoon, Johnson's car collided with a dump truck on a busy street. Cincinnati Police Officer John Haynes responded to the scene and determined that Johnson's car was so badly damaged that it had to be towed. Haynes gave Johnson a traffic citation for having caused the accident.
 {¶ 3} According to Haynes, Johnson became irate when the tow truck arrived and refused to get out of her car. After Haynes had finally persuaded her to get out, she began screaming that she wanted Haynes to arrest her. Despite repeated admonitions, she attempted to get in the front seat of Haynes's cruiser. When numerous attempts to calm Johnson had failed, Haynes acceded to her demand to place her under arrest. As he was attempting to arrest her, though, Johnson struggled with him, and he had to physically restrain her at the back of the cruiser to complete the arrest.
 {¶ 4} The tow-truck driver, Charles Beckman, testified that Johnson had initially refused to get out of her car and had repeatedly pulled the door closed after Haynes had opened it. Beckman testified that he had left immediately after hooking up Johnson's car and had not seen any struggle between Haynes and Johnson.
 {¶ 5} Daniel Crespo, a mechanic employed by the owner of the dump truck, testified that Johnson had become upset because she did not have enough money to pay the towing company, and because Haynes would not permit her to use her *Page 3 
automobile club's towing service. According to Crespo, Johnson had struggled with Haynes, repeatedly jerking away from him and flailing her arms. Crespo stated that he had been alarmed because the struggle had caused Haynes and Johnson to get dangerously close to the flow of traffic.
 {¶ 6} The driver of the dump truck, Kenneth Deaton, stated that he had seen Johnson become upset at the towing charge, but he had not seen her struggle with Haynes.
 {¶ 7} Johnson testified that she had wanted to use her automobile club's towing service but that she had not been irate or combative. She stated that she had been unable to understand what Haynes had been saying and that she had wanted him to take her to the police station so she could speak with another officer. According to Johnson, it was Haynes who had been aggressive and had physically hurt her as he completed the arrest.
 {¶ 8} The jury found Johnson guilty, and the trial court placed her on community control.
 {¶ 9} In her first assignment of error, Johnson now argues that the trial court erred in refusing to instruct the jury on the definition of the statutory term "turbulent behavior."
 {¶ 10} R.C. 2917.11(A)(1) provides that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." Under R.C. 2917.11(E)(3)(a), a violation of the statute is a misdemeanor of the fourth degree if "[t]he offender persists in disorderly conduct after reasonable warning or request to desist." *Page 4 
 {¶ 11} A criminal defendant is entitled to have the trial court give complete and accurate jury instructions on all issues raised by the evidence.[1] A requested jury instruction should be given if it is a correct statement of the law and is not covered by the general charge.[2] And a jury must be given the ability to properly consider each element of the charged crime.[3]
 {¶ 12} In this case, Johnson was entitled to a jury instruction on the definition of "turbulent behavior," which the Supreme Court of Ohio has defined as "tumultuous behavior or unruly conduct characterized by violent disturbance or commotion."[4] Although the state argues that the term was sufficiently common as to require no specific definition, that argument is without merit. The word "turbulent" may refer to behavior that is not marked by violence or commotion.
 {¶ 13} And the fact that the disorderly-conduct statute has survived a constitutional void-for-vagueness challenge[5] did not negate Johnson's right to have the jury accurately apply the statutory terms. Accordingly, we sustain the first assignment of error.
 {¶ 14} In the second and third assignments of error, Johnson argues that her conviction was based on insufficient evidence. We address the assignments together.
 {¶ 15} In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[6] *Page 5 
 {¶ 16} In this case, the conviction was based on sufficient evidence. The state produced evidence that Johnson had remained in her car and had repeatedly slammed the car door closed when Haynes was trying to have the car towed. She repeatedly attempted to get into the front seat of the police cruiser despite Haynes's admonitions that she was not permitted to do so. And she screamed and struggled with the officer, nearly forcing the two into the path of traffic. During the encounter, Haynes warned Johnson numerous times to calm down and to cease her combative conduct. In light of this evidence, a rational jury could have found all the essential elements of disorderly conduct beyond a reasonable doubt. We overrule the second and third assignments of error.
 {¶ 17} Because we have sustained the first assignment of error, we reverse the trial court's judgment and remand the cause for a new trial.
Judgment reversed and cause remanded.
PAINTER and HENDON, JJ., concur.
[1] State v. Sneed (1992), 63 Ohio St.3d 3, 9, 584 N.E.2d 1160.
[2] Id.
[3] See, e.g., State v. Recker, 3rd Dist. Nos. 12-05-21 and 12-05-22,2007-Ohio-216, at ¶ 23.
[4] State v. Reeder (1985), 18 Ohio St.3d 25, 27, 479 N.E.2d 280.
[5] Id., syllabus.
[6] State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819. *Page 1