[Cite as *Z.J. v. R.M.*, 2023-Ohio-3552.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Z.J. OBO MINOR | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Petitioner-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2022 CA 0071 |
| | : | |
| R.M. | : | |
| | : | |
| | : | |
| Respondent-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Richland County Court
                                 of Common Pleas, Case No. 2021-CV-
                                 550 R

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          September 28, 2023

APPEARANCES:

For Petitioner-Appellee:                    For Respondent-Appellant:

No Appearance                               DARIN AVERY
                                            105 Sturges Ave.
                                            Mansfield, OH 44903

*Delaney, J.*

{¶1} Appellant R.M. appeals the September 13, 2022 judgment entry of the Richland County Court of Common Pleas granting a civil stalking protection order against him.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On November 8, 2021, Z.J. filed a petition for civil stalking protection order and civil sexually oriented offense protection order[1] with the Richland County Court of Common Pleas ("Appellee"). In the petition, Appellee requested protection for himself and his two minor children against Appellant R.M. ("Appellant"). Appellee and his wife were in the process of getting a divorce. Appellee and his wife have two children. Appellant and Appellee had known each other for years and used to be friends until Appellant began to have a relationship with Appellee's soon-to-be ex-wife. Appellee alleged in his petition that Appellant was stalking and harassing Appellee's fiancé, his fiancé's children, and Appellee's children.

{¶3} Following an ex parte hearing granting the protection order, a full hearing was conducted.

{¶4} After continuances, the full hearing before the magistrate went forward on December 14, 2021 and January 4, 2022. Appellee represented himself and Appellant was represented by counsel. The following evidence was adduced at the hearing.

{¶5} The witnesses described a tense relationship between the men especially during visitation drop off and pick up times.  There was name calling by both men.

---

[1] The magistrate found insufficient evidence to support the sexual abuse allegations and did not issue the order with respect to these allegations.  Therefore, the Court will restrict its recitation of facts to the facts relevant to the stalking order that was issued.

Appellant made gestures toward Appellee. There was also testimony regarding what Appellee and his fiancé felt were suspicious actions by Appellant where Appellant followed their car. The testimony also included a description of Appellant instigating issues and even urging Appellee to hit him.

{¶6} Both Appellee and Appellant testified. Appellant admitted he was being immature and an "asshole" unnecessarily. Appellee admitted to calling Appellant a pedophile multiple times. Witnesses also testified regarding two incidents which formed the basis for the trial court's finding of a pattern of conduct. One incident stemmed from Appellant riding his motorcycle to Appellee's house and revving his engine in front of the house until Appellee came outside. The other incident involved the parties seeing each other at a grocery store.

{¶7} At the conclusion of the case, the magistrate issued an order granting Appellee a civil stalking protection order. Appellant filed objections to the magistrate's decision. The trial court overruled the objections but did modify the terms of the order relative to attending church.

## ASSIGNMENTS OF ERROR

{¶8} R.M. raises five Assignments of Error:

I. THE TRIAL COURT ERRED IN OVERRULING RESPONDENT'S MOTION TO DISMISS AFTER PETITIONER'S PRESENTATION OF EVIDENCE.

II. THE TRIAL COURT ERRED IN GRANTING PETITIONER A CIVIL STALKING PROTECTION ORDER UNDER R.C. 2903.214.

III. THE COURT'S FINDING THAT PETITIONER BELIEVED RESPONDENT INTENDED TO CAUSE HIM MENTAL DISTRESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

IV. R.C. 2903.211 IS UNCONSTITUTIONALLY VAGUE AND THEREFORE VOID.

V. THE TRIAL COURT DENIED RESPONDENT DUE PROCESS OF LAW.

**ANALYSIS**

**I., II.**

{¶9} Appellant's first two assignments of error are interrelated and raise the same issue: whether the trial court was prevented from issuing a civil stalking protection order without first finding Appellee suffered mental distress. In his first assignment of error, Appellant argues the trial court should have dismissed the petition because the trial court did not find Appellee suffered mental distress. In his second assignment of error, Appellant argues the trial court should not have granted the petition because Appellee failed to establish he suffered mental distress.

{¶10} At the close of Appellee's case, Appellant moved for dismissal pursuant to Civ.R. 41(B)(2). In ruling on such a motion to dismiss, a trial court "is not required to construe the evidence in favor of the non-moving party, but rather may weigh the evidence and render judgment." *Canter v. Wolfe,* 5th Dist. Fairfield, 2016-Ohio-5300, 69 N.E.3d 1061, ¶ 18, citing *Levine v. Beckman,* 48 Ohio App.3d 24, 27, 548 N.E.2d 267 (10th Dist.1988). A trial court may order a dismissal "if it finds that the plaintiff's evidence is not persuasive or credible enough to satisfy [the] burden of proof." *Jarupan v. Hanna,* 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, ¶ 9 (10th Dist.). A trial court's ruling

on a Civ.R. 41(B)(2) motion can be reversed on appeal if it is erroneous as a matter of law or against the manifest weight of the evidence. *Canter* at ¶ 19.

{¶11} As noted by Appellant, this Court has already held, "The statute does not require that the victim actually experience mental distress, but only that the victim believes the stalker would cause mental distress or physical harm, *State v. Horsley,* Franklin App. No. 05AP-350, 2006-Ohio-1208." *Bloom v. Macbeth*, 5th Dist. Ashland No. 2007-COA-050, 2008-Ohio-4564, ¶ 11.

{¶12} Because the statute does not require the victim to actually experience mental distress, the trial court did not err in overruling the motion to dismiss. Likewise, the trial court was not required to find Appellee had suffered mental distress prior to issuing the civil stalking protection order. Therefore, Appellant's first and second assignments of error are overruled.

**III.**

{¶13} In his third assignment of error, Appellant argues the trial court's finding Appellee believed Appellant intended to cause him mental distress was against the manifest weight of the evidence.

{¶14} The decision whether to grant a civil protection order lies within the sound discretion of the trial court. *Olenik v. Huff*, 5th Dist. Ashland No. 02-COA-058, 2003-Ohio-4621, at ¶ 21. Therefore, an appellate court should not reverse the decision of the trial court absent an abuse of discretion. In order to find an abuse of discretion, this Court must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* Co., 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson*, 66 Ohio St.3d 610, 1993-Ohio-9, 614 N.E.2d 742. The underlying rationale for giving deference to the findings of the trial court rests with the knowledge the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Co. v. City of Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶16} "To be entitled to a civil stalking protection order, a petitioner must show, by a preponderance of the evidence that the respondent engaged in menacing by stalking a violation of R.C. 2903.211, against the person seeking the order." *Tumblin v. Jackson,* 5th Dist. Coshocton No. 06CA002, 2006-Ohio-3270, ¶ 17. "Preponderance of the evidence" is "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole show that the fact sought to be proved is more probable than not." *Black's Law Dictionary* 1182 (6th Ed. 1990).

{¶17} R.C. 2903.211(A)(1) defines "menacing by stalking" as follows in part: "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or

household member of the other person or cause mental distress to the other person or a family or household member of the other person.

{¶18} R.C. 2903.211(D)(1) defines "pattern of conduct" as "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents."

{¶19} R.C. 2903.211(D)(2) defines "mental distress" as:

{¶20} (a) Any mental illness or condition that involves some temporary substantial incapacity;

{¶21} (b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.

{¶22} The trial court determined there was a pattern of conduct on the part of Appellant who knowingly caused Appellee to believe Appellant would cause physical harm or mental distress to Appellee or his family or household members. The trial court found there were two incidents which formed the pattern of conduct. In one incident, Appellant sat outside of Appellee's house on his motorcycle, revving his engine until Appellee came outside. Once Appellee came outside, Appellant smiled and took off on his motorcycle. Appellant admitted he "stayed there longer than I should have."

{¶23} During the second incident, Appellant testified he was in line at the pharmacy in the Kroger store. He left the pharmacy line twice to accost Appellee and his girlfriend.

{¶24} The trial court's entry detailed testimony which supported Appellee's reasonable belief that Appellant would cause mental distress or physical harm including the following: Appellant's taunting of Appellee urging Appellee to hit Appellant; Appellee's reluctance to be too close to Appellant due to Appellant's "hit me" taunts; Appellant's actions in leaving the prescription line and following Appellee and his girlfriend around the Kroger store; and Appellant's taunts regarding his extramarital affair with Appellee's wife.

{¶25} We find the trial court's judgment was supported by sufficient evidence and was not against the manifest weight of the evidence, and the trial court therefore did not abuse its discretion in granting the petition.

{¶26} The third assignment of error is overruled.

### IV.

{¶27} In his fourth assignment of error, Appellant argues R.C. 2903.211 is void for vagueness.

{¶28} "The critical question in all cases as to void for vagueness is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law. *City of Norwood v. Horney,* 110 Ohio St.3d 353, 380, 853 N.E.2d 1115 (2006).

{¶29} Statutes which do not fairly inform a person of what is prohibited will be found unconstitutional as violative of due process. *State v. Carrick,* 131 Ohio St.3d 340, 2012-Ohio-608, 965 N.E.2d 264, ¶ 14, citing *State v. Reeder,* 18 Ohio St.3d 25, 26, 479 N.E.2d 280 (1985) and *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Columbus v. Thompson,* 25 Ohio St.2d 26, 266 N.E.2d 571 (1971). However, " '[i]mpossible standards of specificity are not required. * * * The test is whether

the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.' " *Id.* at ¶ 14, quoting *Jordan v. De George,* 341 U.S. 223, 231–232, 71 S.Ct. 703, 95 L.Ed. 886 (1951).

{¶30} Appellant argues the statute is vague because "[i]t penalizes behavior based on its arbitrary interpretation by the beholder rather than by its innate criminal nature."

{¶31} In *Curington v. Moon*, 2nd Dist. Montgomery No. 22809, 2009-Ohio-3013, ¶ 37, the Appellant argued the statute was void because it requires an individual to read the mind of another person. The Second District disagreed holding, "A person of ordinary intelligence would understand what R.C. 2903.211 prohibits, and the statute does not impinge on constitutionally guaranteed freedoms." Id. at ¶ 40.

{¶32} We likewise find a person of ordinary intelligence would understand what conduct is prohibited under the statute.

{¶33} The fourth assignment of error is overruled.

**V.**

{¶34} Appellant's fifth assignment of error asserts Appellant was denied due process because the complaint filed by Appellee did not contain specific allegations which would allow Appellant to present a defense.

{¶35} "[T]he essential elements of due process are notice and an opportunity to respond." *Lindsay v. Jackson*, 1st Dist. Hamilton Nos. C-990786 and A-9905306, 2000 WL 1268810, * 2 (Sept. 8, 2000). "The notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Id.*

{¶36} Appellant was generally on notice he was alleged to have engaged in a pattern of conduct which amounted to stalking. Appellant did not object to any testimony presented which may have been outside of the specific conduct listed in the petition. Appellant also did not request a continuance to defend against any conduct presented in Appellee's case. Further, because the hearing was held in two parts, Appellant had a three week break between hearing the allegations contained in Appellee's case and presenting his own defense.

{¶37} "[T]o the extent that the Civil Rules of Procedure apply to civil protection orders, see R.C. 2903.214–(D)(3); *Snyder v. Snyder* (Aug. 15, 1995), Ross App. No. 94 CA 2068; *Skiles v. Dearth* (Dec. 15, 2000), Clark App. Nos. 2000–CA–30, 00–DR–0252, Civ.R. 15(B) provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised in the pleadings." *Henry v. Coogan*, 12th Dist. Clermont No. CA2002-05-042, 2002-Ohio-6519, ¶ 12.

{¶38} The petition in this case apprised Appellant the issue before the court involved allegations of harassment by Appellant toward Appellee's children, Appellee's girlfriend, and Appellee's girlfriend's children. Further, the petition indicated the protection order was being requested on behalf of Appellee. Appellant was represented by counsel on both hearing dates. He was on notice of the allegations of harassment and stalking. Appellant had an opportunity to respond, present witnesses, and cross-examine Appellee's witnesses. We find the proceedings below comported with due process requirements. Appellant was given adequate notice and an opportunity to respond.

{¶39} The fifth assignment of error is overruled.

**CONCLUSION**

{¶40} Based upon the foregoing, the judgment of the Richland County Court of

Common Pleas is affirmed.

By:  Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.

*Hoffman, P.J., concurring*

{¶41} I concur in the majority's disposition of this case, specifically, its decision finding the evidence supported the trial court's determination Appellant caused Appellee to believe he would cause him physical harm.

{¶42} However, I disagree with the majority's proposition of law concerning the statute not requiring the need to cause actual mental distress. In *Bloom v. MacBeth*, 5th Dist. Ashland No. 2007-COA-050, 2008-Ohio-4564, I concurred separately, noting I was not then persuaded the statute did not require the petitioner to actually experience mental distress. Having subsequently had the opportunity to review the Seventh District's *Caban* decision, I am now persuaded the statute does so require actual mental distress. I would overturn our decision in *Bloom*, supra.