THE STATE OF OHIO, APPELLEE, *v.* CARRICK, APPELLANT.

[Cite as *State v. Carrick,* 131 Ohio St.3d 340, 2012-Ohio-608.]

*R.C. 2917.11(A)(2) is not unconstitutionally void for vagueness.*

(No. 2011-0230—Submitted November 1, 2011—Decided February 22, 2012.)

CERTIFIED by the Court of Appeals for Wayne County,

No. 09CA0077, 2010-Ohio-6451.

_____

CUPP, J.

## I.  Facts and Procedural History

{¶ 1}   Appellant, Jason Carrick, hosted a Halloween party on October 31, 2009, in a building he owned outside the city limits of Wooster.

{¶ 2}   That evening, beginning around 8:00 p.m. and continuing into the early morning hours of November 1, neighbors Sonia Golgosky and Joshua Klenz, who each live approximately a quarter of a mile from Carrick's property, were disturbed by very loud music coming from Carrick's property.  Golgosky testified that she had been able to hear the bass of the music in her home with the windows closed.  She also stated that the music had been so loud that she could clearly hear the words to the music when she stepped out on her deck.

{¶ 3}   Klenz, who lives 100 to 200 feet away from Golgosky, testified that he had heard the repeated booms of a loud bass in his home and that the sound had come from Carrick's property.  He stated that the noise caused the windows on his house to vibrate.  Klenz testified that he had been able to hear the music clearly enough to identify the song that was playing when he stepped outside his house.

{¶ 4}   Golgosky and Klenz were upset because the music prevented them and their young children from sleeping.  Therefore, each called the sheriff's office

multiple times after 11:00 p.m. to complain about the music. They each testified that the music had stopped a few times but then started back up again at a loud level and did not end until the early morning hours of November 1.

{¶ 5} Juan McCloud, an off-duty Wooster police officer, testified that he was at his home inside Wooster city limits that evening when he heard the repeated thumping of a bass. McCloud called a colleague, Sergeant Conwill, to ask him to determine the source of the noise. Conwill notified McCloud that several complaints had already been made, that the music was coming from outside the city limits, and that deputies had been dispatched to the area. McCloud then called the dispatcher, who advised him that deputies were on the scene. Approximately ten minutes later, the music stopped, only to start up again five minutes later. McCloud called dispatch again and was informed that deputies would again be sent to the property.

{¶ 6} Deputy Daniel Vaughn of the Wayne County Sheriff's Office was the first officer to respond to the noise complaints. He testified that he had notified Carrick of the complaints and had given him a verbal warning. While the officer was at Carrick's property, the noise level was reduced, but the music was still playing. Vaughn informed Carrick that if he had to return, he would issue a citation.

{¶ 7} Vaughn stated that the noise level had increased soon after he left the property. He talked with one of the complainants, Golgosky, at her residence, and while he was taking Golgosky's written statement, Klenz came over and also provided a written statement. Vaughn heard the music emanating from Carrick's property during the 25 minutes that he was at Golgosky's home taking these statements.

{¶ 8} After the statements were completed, Vaughn and three other deputies returned to Carrick's property. At that time, Vaughn issued a minor-misdemeanor citation to Carrick for disorderly conduct. He again cautioned him,

and the noise level was reduced.  Carrick was also told that if the deputies had to return, he would be arrested.

{¶ 9}  Vaughn testified that he had returned a third time to Carrick's property after receiving a complaint at approximately 1:30 a.m.  As he approached the property, he could hear the bass of the music.  Vaughn placed Carrick under arrest for disorderly conduct.

{¶ 10} Carrick was charged with and convicted of disorderly conduct in violation of R.C. 2917.11(A)(2).  He appealed to the Ninth District Court of Appeals.  The court of appeals held that R.C. 2917.11(A)(2) was not unconstitutionally vague.  *State v. Carrick,* 9th Dist. No. 09CA0077, 2010-Ohio-6451, 2010 WL 5549046, ¶ 15.

{¶ 11} Thereafter, the court of appeals found its judgment in this case to be in conflict with the judgment of the Fourth District Court of Appeals in *State v. Compher,* 4th Dist. Nos. 1174 and 1175, 1985 WL 17456 (Dec. 9, 1985), and certified the record to this court for review.  We recognized that a conflict exists on the issue " '[w]hether the "making unreasonable noise" provision of [R.C.] 2917.11(A)(2) is unconstitutionally void for vagueness.' "  *State v. Carrick,* 128 Ohio St.3d 1443, 2011-Ohio-1618, 944 N.E.2d 693.

{¶ 12} At issue is whether R.C. 2917.11(A)(2) provides sufficient notice for a person of ordinary intelligence to understand what he or she is required to do under the law.  For the reasons that follow, we conclude that R.C. 2917.11(A)(2) does provide sufficient notice and thus is not void for vagueness.  Therefore, Carrick's due-process rights were not violated and we affirm the judgment of the court of appeals.

## II. Analysis

{¶ 13} R.C. 2917.11(A)(2) states, "No person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [m]aking unreasonable noise * * *."

**{¶ 14}** Carrick claims that R.C. 2917.11(A)(2) is unconstitutionally void for vagueness. "Under the vagueness doctrine, statutes which do not fairly inform a person of what is prohibited will be found unconstitutional as violative of due process." *State v. Reeder*, 18 Ohio St.3d 25, 26, 479 N.E.2d 280 (1985), citing *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Columbus v. Thompson*, 25 Ohio St.2d 26, 266 N.E.2d 571 (1971). However, " '[i]mpossible standards of specificity are not required. * * * The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.' " *Id.,* quoting *Jordan* v. *De George*, 341 U.S. 223, 231-232, 71 S.Ct. 703, 95 L.Ed. 886 (1951).

**{¶ 15}** Carrick argued to the lower courts that the statute was unconstitutional on its face and as applied. However, it is not clear from his brief whether he is asserting both arguments to this court. A facial challenge requires that "the challenging party * * * show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' " *State v. Anderson,* 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991), quoting *Coates v. Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). Stated another way, "the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." *Id.* Therefore, Carrick "must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." *Id.,* citing *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954); 25 Ohio Jurisprudence 3d, Criminal Law, Section 8, at 106 (1981).

**{¶ 16}** "In an as-applied challenge, the challenger 'contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional.' " *State v. Lowe,* 112 Ohio St.3d

507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17, quoting *Ada v. Guam Soc. of Obstetricians & Gynecologists*, 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting). Thus, an as-applied challenge focuses on the particular application of the statute.

{¶ 17} R.C. 2917.11(A)(2) withstands both avenues of attack.

{¶ 18} Guidance in resolving this issue is found in *Columbus v. Kim,* 118 Ohio St.3d 93, 2008-Ohio-1817, 886 N.E.2d 217, which the Ninth District relied upon in this case. In *Kim,* Rebecca Kim was charged with harboring an unreasonably loud or disturbing animal in violation of Columbus City Code 2327.14. *Id.*, ¶ 3. That code section states that "[n]o person shall keep or harbor any animal which howls, barks, or emits audible sounds that are unreasonably loud or disturbing and which are of such character, intensity and duration as to disturb the peace and quiet of the neighborhood or to be detrimental to life and health of any individual." *Id.,* ¶ 6.

{¶ 19} Kim argued that the ordinance was void for vagueness. *Id.,* ¶ 1. However, we did not agree that Columbus City Code 2327.14 "provides 'no standard of conduct * * * at all.' " *Id.,* ¶ 9, quoting *Anderson,* 57 Ohio St.3d at 171, 566 N.E.2d 1224. Instead, we concluded that

> Columbus City Code 2327.14 is not unconstitutionally vague, because it sets forth sufficient standards to place a person of ordinary intelligence on notice of what conduct the ordinance prohibits. The ordinance incorporates an objective standard by prohibiting only those noises that are "unreasonably loud or disturbing." The ordinance provides specific factors to be considered to gauge the level of the disturbance, namely, the "character, intensity and duration" of the disturbance. Further, we recognize that "there are limitations in the English language with

respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with."

*Id.,* ¶ 9, quoting *United States Civ. Serv. Comm. v. Natl. Assn. of Letter Carriers, AFL-CIO*, 413 U.S. 548, 578-579, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973).

{¶ 20} We find the analysis in *Kim* to be applicable here. Contrary to the appellate court's analysis in the conflict case, *Compher,* and Carrick's assertions in this case, the statute at issue here does provide adequate qualifying language to prevent the statute from being unconstitutionally vague. R.C. 2917.11(A)(2) sets forth sufficient standards to place a person of ordinary intelligence on notice of what conduct the statute prohibits. It incorporates an objective standard by prohibiting only noise that is "unreasonable." This objective standard undermines Carrick's assertion that R.C. 2917.11(A)(2) permits hypersensitive persons to impose criminal liability on others. Further, it enumerates specific factors— "inconvenience, annoyance, or alarm to another"—with which to judge the level of the disturbance.

{¶ 21} Additionally, the statute requires a culpable mental state of recklessness. Therefore, in order to violate R.C. 2917.11(A)(2), a person must act "with heedless indifference to the consequences," in "perversely disregard[ing] a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶ 22} The record contains sufficient evidence for the trier of fact to conclude that the loud bass music emanating from Carrick's Halloween party was loud enough to constitute "unreasonable noise" that "inconvenience[d], annoy[ed], or alarm[ed] * * * another." R.C. 2917.11(A)(2). More specifically,

Golgosky, Klenz, and McCloud were inconvenienced and annoyed by the loud bass music. A person of ordinary intelligence would understand that R.C. 2917.11(A)(2) proscribes playing music at a late hour at such a volume that it keeps the neighbors from sleeping, causes windows to vibrate on a house a quarter of a mile away, and prompts numerous calls of complaint to authorities. Moreover, prior to citing Carrick, law-enforcement officers visited the property to advise Carrick that the music was so loud that it was generating complaints from his neighbors, and they warned him to lower the volume. Carrick has failed to establish "beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." *Anderson*, 57 Ohio St.3d at 171, 566 N.E.2d 1224.

### III. Conclusion

{¶ 23} Accordingly, we conclude that R.C. 2917.11(A)(2) is not unconstitutionally vague either on its face or as applied to Carrick. We answer the certified question in the negative and affirm the judgment of the court of appeals**.**

Judgment affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and MCGEE BROWN, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Daniel R. Lutz, Wayne County Prosecuting Attorney, and Latecia E. Wiles, Assistant Prosecuting Attorney, for appellee.

Clarke W. Owens, for appellant.

_____