[Cite as *In re L.Z.*, 2016-Ohio-1337.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF:  L.Z.<br>A MINOR CHILD | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | Case No. 15-CA-36 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Juvenile Division, Case No. A2015-0042


JUDGMENT:      AFFIRMED


DATE OF JUDGMENT ENTRY      March 23, 2016


APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

KENNETH W. OSWALT      OFFICE OF THE OHIO PUBLIC DEFENDER

LICKING CO. PROSECUTOR      BROOKE M. BURNS
JUSTIN T. RADIC      250 East Broad St., Ste. 1400
20 S. Second St., 4th Floor      Columbus, OH 43215
Newark, OH 43055

*Delaney, J.*

{¶1}   Appellant L.Z., a minor child, appeals from the May 5, 2015 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from the record of the adjudication hearing before the Knox County Juvenile Court on December 16, 2014.

{¶3}   At the time of these events, appellant was 12 years old.  Via cell phone, he texted with a 12-year-old female classmate.  The female student texted appellant a "selfie," a photo taken by the female of herself, depicting her face and bare breasts.  At the adjudicatory hearing, the female testified appellant threatened to "sexually assault" her if she didn't send the picture and said she sent the picture because she felt pressured to do so.

{¶4}   Appellant allegedly texted or otherwise showed the photo to five other juveniles.

{¶5}   On August 12, 2014, appellant was charged by criminal complaint with five counts of delinquency by means of disseminating matter harmful to juveniles pursuant to R.C. 2907.31(A)(1), all misdemeanors of the first degree if committed by an adult. These counts were journalized as case number 2141245.   Appellant was also charged separately in case number 2141136 with delinquency by means of one count of disseminating matter harmful to juveniles and two additional counts relating to the 12-year-old female, including menacing and telephone harassment.  Those counts were tried with case number 2141245.   The trial court found appellee did not present credible

evidence beyond a reasonable doubt of the counts in case number 2141136 and therefore dismissed that case. None of the charges in case number 2141136 are at issue in this appeal.

{¶6} On December 3, 2014, appellant filed a "Memorandum of Law" in which appellant argued a photo of a 12-year-old female with breasts is not properly the subject of a violation of R.C. 2907.31(A)(1). The memorandum does not explicitly raise a constitutional argument. Instead, appellant argues naked female breasts have not traditionally been considered indecent; public indecency laws permit males and females to appear in public topless; photos of breasts do not lead to a prurient interest in sex; women are known to walk around topless at a festival in Columbus so a photo of breasts does not offend prevailing standards in the adult community; and representations of naked breasts may have legitimate artistic value. Appellee responded with a memorandum in opposition arguing the definition of "nudity" contained in R.C. 2907.01(H) is neither vague nor overbroad.

{¶7} The matter proceeded to bench trial before on December 16, 2014. The trial court also heard argument on appellant's memorandum of law which was treated as a motion to dismiss and overruled.

{¶8} Appellant was found delinquent by means of disseminating matter harmful to juveniles in Counts I, II, IV, and V. Count III was dismissed.

{¶9} On January 26, 2015, the case was transferred to Licking County Juvenile Court for disposition because appellant is a resident of Licking County.

{¶10} On May 1, 2015, a Magistrate's Decision was filed memorializing the "Recommended Disposition of Disseminating Matter Harmful to Juveniles (M1) – 4 counts

tried in Knox County." Disposition included imposition of court costs, indefinite probation, community service, house arrest, and a number of other conditions. Appellant was also made subject to juvenile sex offender conditions of probation. On May 5, 2015, the trial court filed a Judgment Entry adopting the magistrate's orders.

{¶11} On May 15, 2015, appellant filed objections to the magistrate's decision including "1) [t]he magistrate violated [appellant's] right to due process when it found him delinquent of disseminating matter harmful to juveniles because the 'harmful' material at issue here was the naked breast of a peer, which cannot be per se harmful [ ]; and 2) [t]he magistrate erred when it found [appellant] delinquent of disseminating matter harmful to juveniles, in violation of his right to equal protection under the United States and Ohio Constitutions." Specifically, appellant's first objection asserted naked female breasts are not "harmful to juveniles" and his second objection asserted he was denied equal protection because he was the victim of the same offense.

{¶12} On May 18, 2015, the Licking County Court of Common Pleas, Juvenile Division overruled the objections because the adjudicatory hearing was conducted by a judge in Knox County, thus the Licking County Court was without authority to set aside the final orders of a judge of another county.

{¶13} Appellant now appeals from the May 5, 2015 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, incorporating the May 1, 2015 Decision of Magistrate.

{¶14} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I.  THE JUVENILE COURT ERRED WHEN IT FOUND L.Z. DELINQUENT OF VIOLATING R.C. 2907.31(A)(1) WHEN NO EVIDENCE WAS PRESENTED TO DEMONSTRATE THAT THE PHOTO HE SENT TO HIS FRIENDS WAS "HARMFUL" OR "OBSCENE" AS REQUIRED BY R.C. 2907.31(A)(1).  [ ]."

{¶16} "II.  THE JUVENILE COURT VIOLATED L.Z.'S RIGHT TO DUE PROCESS WHEN IT ADJUDICATED HIM DELINQUENT OF VIOLATING R.C. 2907.31(A)(1).  [ ]."

{¶17} "III.   THE JUVENILE COURT VIOLATED L.Z.'S RIGHT TO EQUAL PROTECTION WHEN IT ADJUDICATED HIM DELINQUENT OF VIOLATING R.C. 2907.31(A)(1) BECAUSE L.Z. WAS THE INITIAL VICTIM IN THIS CASE, AND BECAUSE THE STATE ARBITRARILY SELECTED TO PROSECUTE HIM FROM A GROUP OF JUVENILES WHO HAD ENGAGED IN THE SAME CONDUCT.  [ ]."

**ANALYSIS**

I.

{¶18} In his first assignment of error, appellant argues appellee failed to present sufficient evidence that a photo of the bare breasts of a 12-year-old female is "harmful to juveniles" within the meaning of R.C. 2907.31(A)(1).  We disagree.

{¶19} Appellant was convicted upon four counts of disseminating matter harmful to juveniles pursuant to R.C. 2907.31(A)(1) which states in pertinent part: "No person, with knowledge of its character or content, shall recklessly * * *:  [d]irectly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles,

\* \* \* any material or performance that is obscene **or** harmful to juveniles (emphasis added)." R.C. 2907.31(F) further provides in pertinent part:

Whoever violates this section is guilty of disseminating matter harmful to juveniles. **If the material or performance involved is harmful to juveniles, except as otherwise provided in this division, a violation of this section is a misdemeanor of the first degree.** If the material or performance involved is obscene, except as otherwise provided in this division, a violation of this section is a felony of the fifth degree. If the material or performance involved is obscene and the juvenile to whom it is sold, delivered, furnished, disseminated, provided, exhibited, rented, or presented, the juvenile to whom the offer is made or who is the subject of the agreement, or the juvenile who is allowed to review, peruse, or view it is under thirteen years of age, violation of this section is a felony of the fourth degree. (Emphasis added.)

{¶20} In this case, the offenses were charged as misdemeanors of the first degree (Complaint, Aug. 12, 2014). Appellee was thus not required to prove the image is "obscene;" the statute is satisfied if appellee established the image is "harmful to juveniles." See, *State v. Daniels*, 1st Dist. Hamilton No. C-020321, 2003-Ohio-1545, ¶ 14 [conviction for felony disseminating against manifest weight of evidence if photo of nude prepubescent female is not "obscene" pursuant to R.C. 2907.01(F)]. "Obscenity" and "harmful to juveniles" are two separate categories of material, with the latter not rising to the level of what an adult would consider "obscene." The underlying premise of

appellant's first assignment of error--that "sexting" of the subject photo is non-criminal "testing of boundaries" and "sexual exploration" by two 12-year-old children—is belied by the purpose underlying R.C. 2907.31. The legislative notes for that section state in pertinent part, "This section is designed to prevent persons from exposing the young to obscenity or to matter which, though not obscene from an adult viewpoint, is nevertheless unsuitable for juveniles." The existence of the two categories presupposes material that is subordinate to obscenity may result in criminal culpability when displayed to juveniles.

{¶21} Appellant's argument that a photo of a 12-year-old female's breasts is not "obscene" is therefore inapposite. Instead, the issue posed in the instant case is whether the subject photo is "harmful to juveniles" within the meaning of R.C. 2907.01(E) and we find the answer is "yes." R.C. 2907.01(E) defines "harmful to juveniles" as:

> * * * [T]hat quality of any material or performance describing or representing nudity * * * in any form to which **all** of the following apply:
>
> (1) The material or performance, when considered as a whole, appeals to the prurient interest of juveniles in sex;
>
> (2) The material or performance is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable for juveniles; and
>
> (3) The material or performance, when considered as a whole, lacks serious literary, artistic, political, and scientific value for juveniles.
>
> (Emphasis added.)

{¶22} Appellant argues the photo does not appeal to the prurient interest of juveniles in sex because appellee failed to establish "a shameful or morbid interest in nudity, sex, or excretion * * * [that] goes substantially beyond customary limits of candor in description or representation."  (Brief, 12). Appellant's definition is taken from First Amendment obscenity law in which "prurient" is a term of art and is defined as something which appeals to "a shameful or morbid interest in nudity, sex, or excretion." See, e.g., *Brockett v. Spokane Arcades*, 472 U.S. 491, 497, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985); *Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).  As recognized in *State v. Conrad*, 2nd Dist. Montgomery No. 15553, 1997 WL 54668, *2 (Jan. 17, 1997), the U.S. Supreme Court has defined "prurient" in such a way as to "introduce an element of depravity to the conduct or material being examined with regard to federal and state **obscenity statutes** (emphasis added)."

{¶23} With regard to R.C. 2907.31(A), though, "obscene" and "harmful to juveniles" are two different categories of material, the latter being subject to a lesser criminal penalty than the former.  Appellant presents no authority supporting his argument that appellee was required to establish any element of depravity in its prosecution of the 1st-degree misdemeanor offense at issue here.  The Eleventh District Court of Appeals has expressly rejected appellant's argument regarding the same subject matter we are presented with in the instant case--a topless photo of a 12-year-old female:

> The dissent asserts that the photograph did not appeal to the prurient interest of S.J.F because a prurient interest is one that appeals to a "shameful or morbid interest in sex." However, this standard is used to describe material that is obscene. Here, the

material sent to S.J.F depicted a minor, twelve-year-old M.K., which violates R.C. 2907.323(A)(1), stating that no person shall "photograph any minor * * * in a state of nudity." In a case involving child pornography the material does not have to be obscene, or appeal to the prurient interest, to be considered harmful. See *State v. Tooley,* 114 Ohio St.3d 366, 872 N.E.2d 894, 2007–Ohio–3698, at ¶ 10 (holding that the State can "regulate child pornography without requiring proof that material is obscene"). Therefore, the State did not have to prove that there was a shameful or morbid interest on behalf of S.J.F. in wanting to view the picture of M.K., as the picture depicted a minor.

Additionally, allowing a child to view an image of another child topless would be considered offensive by the adult community with respect to what is suitable for juveniles. Clearly, this photograph had no literary, artistic, political, or scientific value. * * * *.

*In re S.J.F.,* 11th Dist. Geauga No. 2010-G-2960, 2010-Ohio-5514, ¶¶ 28-29.

{¶24} As the Eleventh District noted, a photo of a 12-year-old female's breasts may be considered child pornography in some contexts, absent any showing of obscenity or appeal to the prurient interest. Id. Thus, although we conclude appellee was not required to show the photo demonstrated "a shameful or morbid interest in nudity, sex, or excretion," we also disagree with appellant's premise that this photo represents harmless

sexual exploration. We find the photo considered as a whole appeals to the prurient interest of juveniles in sex. R.C. 2907.01(E)(1).

{¶25} Appellant presents no authority supporting the proposition that the photo at issue is not patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable for juveniles. The inherent harm in sexting, especially in the impulse-driven world of middle school, is well-documented in our social-media-obsessed culture. "As the National Crime Prevention Counsel has stated, a provocative or nude photograph may be 'an electronic fingerprint that can damage [teens'] college careers, future employment opportunities, and reputation with friends, family, and neighbors.'" Kowalczyk, *Abridging Constitutional Rights: Sexting Legislation in Ohio*, 58 Clev. St. L. Rev. 685, 692-93 (2010). We find the photo is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable for juveniles. R.C. 2907.01(E)(2).

{¶26} We further find the photo lacks serious literary, artistic, political, and scientific value for juveniles. Indeed, appellant makes no attempt to argue that the third and final category of material harmful to juveniles does not apply to the photo. R.C. 2907.01(E)(3).

{¶27} Appellee presented sufficient evidence that the topless photo of the 12-year-old female is "harmful to juveniles" within the meaning of R.C. 2907.31(A)(1). Appellant's first assignment of error is overruled.

II., III.

{¶28} We will consider appellant's second and third assignments of error together.

*Note on the Appellate Record*

{¶29} We agree with appellee that appellant did not properly raise these arguments before the trial court. Although appellant asserts we could extrapolate his constitutional arguments from the arguments raised below, we note specific arguments raised here. Generally, a constitutional argument that is not raised in the trial court is "waived and cannot be raised for the first time on appeal." *State v. Brewer,* 2nd Dist. Montgomery No. 26153, 2015-Ohio-693, 2015 WL 848406, ¶ 36. We may still "consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." Id*.,* citing *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

{¶30} Notwithstanding the issue of waiver, we find appellant's constitutional arguments to be unpersuasive. We first note statutes enjoy a strong presumption of constitutionality. *State v. Galloway*, 5th Dist. Delaware No. 15CAA040029, 2015-Ohio-4949, ¶ 18. "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State v. Cook,* 83 Ohio St.3d 404, 409, 1998–Ohio–291, 700 N.E.2d 570, citing *State ex rel. Dickman v. Defenbacher,* 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. Additionally, statutes and rules are to be construed so as to avoid unreasonable or absurd results. *State ex rel. Asti v. Ohio Dept. of Youth Servs.,* 107 Ohio St.3d 262, 2005–Ohio–6432, 838 N.E.2d 658, ¶ 28.

*Appellant's Due Process Arguments*

{¶31} Appellant argues application of R.C. 2907.31(A)(1) to him violates his right to due process because as a juvenile he is a member of the class of persons the statute

is designed to protect; alternatively, the statute is void for vagueness as applied to him. We disagree.

{¶32} First, appellant argues R.C. 2907.21(A)(1) was enacted to protect minors, thus juveniles may not be prosecuted for violations thereof.  Appellant argues punishing him for a violation of the statute is an "absurd result."  Nothing in the statute prevents a juvenile with being charged for a violation if his or her conduct meets the elements.  Appellant places this argument within the context of his due process assignment of error, but we fail to see how his rights to due process have been violated.

{¶33} Appellant poses the arguments as alternatives in his brief: either the statute leads to an absurd result because he is a member of the class it is designed to protect, or as applied to him it is void for vagueness.  Appellant presents us with no authority in support of his argument that as a juvenile, he may not be prosecuted for a violation of R.C. 2907.31(A)(1).  We deduce appellant's point is, as a recipient of the photo himself and thus a purported "victim" of a disseminating offense, he may not be prosecuted as an offender for sending it on to others.  In the case cited by appellant, a Pennsylvania appellate court weighed the application of a statutory rape law to consensual sexual conduct between two 11-year-olds, finding the history of the statute at issue "makes clear that the Legislature intended to exclude from prosecution consensual sexual activity within peer groups, criminalizing behavior only where the ages of the participants were significantly disparate and/or the acts were not mutually agreed upon." *In re B.A.M.*, 2002 Pa.Super. 284, 806 A.2d 893, 897 (Pa. Super. Ct.). Again, appellant characterizes the instant case as similar consensual sexual experimentation between children.  Those are

not the facts here and statutory rape statutes are not analogous to R.C. 2907.31(A)(1). *B.A.M.* is inapposite to the case sub judice.

{¶34} Appellant further argues R.C. 2907.31(A)(1) is void for vagueness as applied to him. "Under the vagueness doctrine, statutes which do not fairly inform a person of what is prohibited will be found unconstitutional as violative of due process." *State v. Carrick*, 131 Ohio St.3d 340, 2012-Ohio-608, 965 N.E.2d 264, ¶ 14, citing *State v. Reeder,* 18 Ohio St.3d 25, 26, 479 N.E.2d 280 (1985) and *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Columbus v. Thompson,* 25 Ohio St.2d 26, 266 N.E.2d 571 (1971). However, "'[i]mpossible standards of specificity are not required. * * * The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" Id. at ¶ 14, quoting *Jordan v. De George,* 341 U.S. 223, 231–232, 71 S.Ct. 703, 95 L.Ed. 886 (1951).

{¶35} A facial challenge requires that "the challenging party * * * show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *Carrick*, supra, 2012-Ohio-608, at ¶ 15, citing *State v. Anderson,* 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991), quoting *Coates v. Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). Stated another way, "the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." Id. Appellant "must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Id., citing

*United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954); 25 Ohio

Jurisprudence 3d, Criminal Law, Section 8, at 106 (1981).

{¶36} We have previously relied upon the void-for-vagueness test set forth by the

Supreme Court of Ohio in *State v. Collier*:

> A tripartite analysis must be applied when examining the void-
>
> for-vagueness doctrine. See *Papachristou v. City of Jacksonville*,
>
> 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Grayned v. City*
>
> *of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972);
>
> *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903
>
> (1983). In *Tanner, supra [State v.* (1984), 15 Ohio St.3d 1], Justice
>
> Locher instructed that "[t]hese values are first, to provide fair warning
>
> to the ordinary citizen so behavior may comport with the dictates of
>
> the statute; second, to preclude arbitrary, capricious and generally
>
> discriminatory enforcement by officials given too much authority and
>
> too few constraints; and third, to ensure that fundamental
>
> constitutionally protected freedoms are not unreasonably impinged
>
> or inhibited. Proper constitutional analysis necessitates a review of
>
> each of these rationales with respect to the challenged statutory
>
> language." Id.*, 15 Ohio St.3d at 3, 472 N.E.2d at 691.

> *State v. Johnson*, 5th Dist. Licking No. 14-CA-54, 2015-Ohio-
>
> 1110, ¶ 12, citing *State v. Collier,* 62 Ohio St.3d 267, 269–270
>
> (1991).

{¶37} Appellant does not argue that R.C. 2907.31(A)(1) is unclear or not susceptible to being easily understood. Appellant argues the statute is unconstitutional as applied to him. "In an as-applied challenge, the challenger 'contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional.'" *Carrick*, supra, 2012-Ohio-608 at ¶ 16, citing *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17, quoting *Ada v. Guam Soc. of Obstetricians & Gynecologists,* 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting). Thus, an as-applied challenge focuses on the particular application of the statute.

{¶38} Appellant's as-applied challenge is similar to his equal protection argument: the statute is unconstitutionally vague because he was treated as an offender but the 12-year-old female was treated as a "victim." The trial court referred to the female as the "victim" during disposition but the female is not the "victim" in terms of the statute—the statute is designed to protect the juvenile recipient of the harmful material. As we will further address infra, appellant is properly treated as an offender because the evidence demonstrated he recklessly disseminated the photo. Appellant has presented us with no authority establishing why application of the statute to him is unconstitutionally void for vagueness. The statute is not so unclear appellant could not reasonably understand that it prohibited the acts in which he engaged, nor is it unconstitutional as applied to his conduct.

*"In Re D.B." Does not apply*

{¶39} Appellant's constitutional challenges are largely premised upon the ruling of the Ohio Supreme Court in *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d

528, in which the Court found R.C. 2907.02(A)(1)(b), "statutory" rape, to be unconstitutionally vague as applied to the conduct of a child under the age of 13 who engages in sexual conduct with another child under the age of 13. Id. at ¶ 27. The Court also found the statute violated equal protection when applied to only one of those parties. Id. at ¶ 31. The statutory rape offense held offenders strictly liable for engaging in sexual conduct with a child under the age of 13. The Court found the statute to run afoul of the second element of the tripartite void-for-vagueness test; the statute authorizes and encourages arbitrary enforcement when applied to two children under the age of 13 engaging in sexual conduct because both children are victims and offenders. Id. at ¶ 24. Further, the Equal Protection Clause requires similarly-circumstanced persons to be treated alike, but in terms of 2907.02(A)(1)(b), both parties could be prosecuted and both were members of the class protected by the statute; the resulting arbitrary enforcement against the defendant violated his right to equal protection. Id. at ¶ 31.

{¶40} The fatal flaw in the statutory-rape offense, for *D.B.*'s purposes, is the strict liability mens rea. The Court pointed out that the facts indicated one child forced another child to engage in sexual conduct, supporting a charge of forcible rape. However, for the purpose of statutory rape, both "victim" and "perpetrator" were in violation of the statute because sexual conduct between persons under the age of 13 is prohibited without regard to force or consent. *In re D.B.*, supra, 2011-Ohio-2671 at ¶ 25. The statute offers no prosecutorial exception to charging every person under the age of 13 involved in the offense. Id., 2011-Ohio-2671 at ¶ 30.

{¶41} R.C. 2907.31(A)(1), the statute at issue in the case sub judice, requires appellee to establish the element of recklessness. Pursuant to R.C. 2901.22(C), "[a]

person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist."

{¶42} As applied to the instant case, in order to find appellant acted recklessly, the trier of fact must have been able to find, beyond a reasonable doubt, that when he showed or forwarded the photo to his friends, he acted with a perverse disregard that his conduct was likely to cause a certain result. In this instance, the trial court found that appellant presented the photo to other juveniles four times. The "result" is, dissemination of harmful material to unmarried persons under the age of eighteen.  R.C. 2907.01(I). The fact that appellant himself is a "juvenile" is immaterial.   "The mental state "recklessness" assumes that the actor intends the act, but not the harm." *State v. Patton*, 106 Ohio App.3d 736, 740, 667 N.E.2d 57 (1st Dist.1995).

{¶43} As appellee notes, appellant's argument that as a juvenile, he is a member of the class protected by the statute and therefore may not be prosecuted for violation thereof, was addressed by the Eleventh District Court of Appeals in *In re J.P.*, 11th Dist. Geauga No. 2011-G-3023, 2012-Ohio-1451.  In that case, the court specifically found R.C. 2907.31 is not void for vagueness as applied to juveniles.  Id. at ¶ 35.  The *J.P.* court also distinguished *In re D.B.*, supra:

> Appellant's reliance on *In re D.B.* is misplaced. As stated
> above, appellant is not both a "victim" and "offender" as claimed. The
> statute requires only *one* person to act in order to be culpable. In *In*

*re D.B.,* two people engaged in the proscribed conduct, but only one was charged. Here, only appellant engaged in the unlawful act. Further, had appellant sent *any* nude photograph to a juvenile, e.g., a nude photograph of an adult, she would still have disseminated harmful material. Simply because the image was of her does not make her any less culpable of the offense. In this case, appellant recklessly disseminated harmful material. That is, since the facts alleged in the complaint were found to be true, only appellant is in violation of the statute; whereas, in *In re D.B.,* "if the facts alleged in the complaint were true, D.B. and M.G. would both be in violation of R.C. 2907.02(A)(1)(b)." *Id.* at ¶ 24–25.

*In re J.P.,* 11th Dist. Geauga No. 2011-G-3023, 2012-Ohio-1451, ¶ 34.

{¶44} Appellant did not cite or attempt to distinguish *J.P.* and *In re S.G.F.* until his reply brief, and we are not persuaded by his argument that the instant case is different because appellee declined to prosecute the other juveniles involved including the female who took the photo and texted it to appellant. First, we reject appellant's assertion that he is of the same class as the female who took the photo; the female testified at the adjudicatory hearing that she sent the photo because appellant threatened her and she felt pressured to do so.[1] We are not required to speculate as to appellee's motivation in

---

[1] The trial court ultimately dismissed the criminal charges related to this conduct, possibly because the trial court found the female not to be a credible witness. The weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79.

declining to prosecute the female in this case, but we note that pursuant to appellee's theory of the case, the female was threatened and pressured into sending the photo. The evidence may not have satisfied the requisite element of recklessness.

{¶45} We further reject appellant's assertion that "five children in this case disseminated the photo" thus his equal protection rights were violated because it is not evident from the record that appellant alone was prosecuted based on anything other than the evidence. Male minor witnesses, the purported recipients of the photo, were granted immunity from prosecution and testified at the adjudicatory hearing, claiming variously they received the photo from someone other than appellant, or they were not the persons actually sending and receiving messages on their own cell phones, or they can't recall their old cell phone numbers to identify the number on exhibits of text messages sent "to" and "from." The record of the adjudicatory hearing demonstrates the witnesses dissimulated and equivocated. It is not our role to speculate why any of these individuals were not prosecuted when appellee's theory of the case was that appellant threatened the female to obtain the photo and then texted or forwarded it to other individuals. Appellant's forwarding of the photo was demonstrated by the evidence of his own phone.

{¶46} In short, we fail to perceive, and appellant has not established, that the prosecution of appellant versus the other juveniles was premised upon anything other than the evidence in the case. Appellant has not established his prosecution is the result of a constitutional flaw in R.C. 2907.31(A)(1) on its face or as applied.

*Note on Selective Prosecution*

{¶47} Appellant does not articulate a selective-prosecution argument per se but does repeatedly assert that he was unfairly singled out for prosecution. We examined the elements of a selective-prosecution claim in *State v. Taylor* and noted the heavy burden upon the defendant to demonstrate an "invidious motive" indicative of bad faith. *State v. Taylor*, 5th Dist. Holmes No. 12CA18, 2013-Ohio-5751, ¶ 61. In *State v. Flynt,* the Ohio Supreme Court addressed the elements for establishing a selective-prosecution claim:

> To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie,* (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, *i.e.,* based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

> *State v. Flynt*, 63 Ohio St.2d 132, 134, 407 N.E.2d 15 (1980).

{¶48} In *Cleveland v. Trzebuckowski,* 85 Ohio St.3d 524, 532, 709 N.E.2d 1148 (1999), the Supreme Court broadened the second-prong of the test to include any selection deliberately based upon any arbitrary classification. Furthermore, the Ohio Supreme Court has held that "[a] mere showing that another person similarly situated was not prosecuted is not enough; a defendant must demonstrate actual discrimination due

to invidious motives or bad faith." *State v. Freeman,* 20 Ohio St.3d 55, 58, 485 N.E.2d 1043 (1985). Examples of when such an allegation may be held to be justified are those situations in which selection is "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Trzebuckowski,* 85 Ohio St.3d at 530, citing *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, (1962).

{¶49} As has been noted by both the Ohio and U.S. Supreme Courts, the burden in maintaining a selective prosecution claim is on the defendant as the prosecutor enjoys a presumption that his actions were non-discriminatory in nature. *State v. Keene,* 81 Ohio St.3d 646, 653, 693 N.E.2d 246 (1998). "In order to dispel [this] presumption * * *, a criminal defendant must present 'clear evidence to the contrary.'" Id*.* citing *United States v. Armstrong,* 517 U.S. 456, 463, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). The U.S. Supreme Court further noted that in its cases delineating the elements of a selective prosecution case, it has taken "great pains" in explaining that the standard is a quite demanding one. *Armstrong,* 517 U.S. at 468.

{¶50} In the instant case, appellant has not demonstrated that appellee's decision to prosecute him while granting immunity to other juveniles involved was dictated by anything other than the evidence. As appellee notes, the selective-prosecution argument was raised summarily at trial in closing argument and was never articulated to the extent requiring a hearing such as the claim in *Taylor*, supra. Having reviewed the record of this case, we find no evidence appellant was prosecuted based upon any arbitrary classification.

{¶51} Appellant's second and third assignments of error are overruled.

**CONCLUSION**

{¶52} Appellant's three assignments of error are overruled and the judgment of the Licking County Court of Common Pleas, Juvenile Division is affirmed.

By:  Delaney, J. and

Baldwin, J.

Hoffman, PJ., concurs separately

*Hoffman, P.J., concurring*

**{¶53}** I concur in the majority's thorough analysis and disposition of Appellant's three assignments of error. I write separately only to state what I find to be an additional reason *In Re D.B.* does not apply to the case sub judice.

**{¶54}** In *In Re D.B.*, both juveniles were both "victim" and "offender" as a result of engaging in the prohibited conduct simultaneously. While Appellant may have been a "victim" in the strictest sense of the word when he received the photo,[2] his subsequent act of forwarding the photo to other juveniles was separate and distinct conduct, as a result of which he was not a victim, but only the offender.

_____

HON. WILLIAM B. HOFFMAN

---

[2] Given the photo was received in response to Appellant's request, Appellant was not a "victim" in the traditional sense of the word.